BEFORE THE FIRST DIVISION, AUGUST 7, 1967

**No. P67/259.**—Acme Venetian Blind & Window Shade Corp. *v.* United States, protests 64/5421, etc. (New York).

BECKWORTH, J.   In accordance with stipulation of counsel that the merchandise covered by the foregoing protests consists of Philippine mahogany sticks or slats similar in all material respects to those the subject of *Acme Venetian Blind & Window Shade Corp.* v. *United States* (56 Cust. Ct. 563, C.D. 2704), the claim of the plaintiff was sustained.

BEFORE THE THIRD DIVISION, AUGUST 7, 1967

**No. P67/260.**—United China & Glass Co. *v.* United States, protest 63/1184 (Seattle).

**No. P67/261.**—National Silver Co. *v.* United States, protest 64/13956 (San Diego).

LANDIS, J.   In accordance with stipulation of counsel that the merchandise covered by the foregoing protests consists of cups and saucers similar in all material respects to those the subject of *W. Kay Company, Inc.* v. *United States* (53 Cust. Ct. 130, C.D. 2484), the claim of the plaintiffs was sustained.

**No. P67/262.**—National Silver Co. *v.* United States, protest 64/3432 (San Diego).

LANDIS, J.   In accordance with stipulation of counsel that the merchandise covered by the foregoing protest consists of cups and saucers similar in all material respects to those the subject of *W. Kay Company, Inc.* v. *United States* (53 Cust. Ct. 130, C.D. 2484), the claim of the plaintiff was sustained.

**No. P67/263.**—Alexanders Dept. Stores, Inc., and Gimbel Bros., Inc. *v.* United States, protests 66/37227 and 66/80744 (New York).

LANDIS, J.   In accordance with stipulation of counsel that the merchandise covered by the foregoing protests consists of figures similar in all material respects to those the subject of *Wm. S. Pitcairn Corp.* v. *United States* (39 CCPA 15, C.A.D. 458), the claim of the plaintiffs was sustained.